UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MALIBU MEDIA LLC,<br><br>                                Plaintiff,<br>v.<br><br>JOHN DOE, sued as John Doe subscriber assigned IP address 184.58.242.16,<br><br>                                Defendant. | Case No. 13-CV-1103-JPS<br><br>ORDER |

       Rule 73(a) of the Federal Rules of Civil Procedure, General Local Rule 72, and 28 U.S.C. § 636(c) all make clear that a magistrate judge may preside over the entirety of a civil case if all of the parties so consent. In keeping with those provisions, it has been this Court's practice to transfer such cases, in which every party consents, to the assigned magistrate judge, as authorized under General Local Rule 3(a)(2). Thus, the Court expects the consent/refusal forms to be timely filed, because the parties' ultimate consent or refusal will greatly impact the Court's management of this case.

       General Local Rule 3(a)(1) requires that "[e]ach party to the action must file the completed consent form with the Clerk of Court within 21 days after" receiving service of the form from either the Clerk of Court or the plaintiff. Despite having made an appearance through its attorney more than 21 days ago, the defendant still has not filed the required form.

       The Court, therefore, finds it appropriate to stay all action in this case until every party has filed its consent/refusal form. Although the Court cannot enforce its filing requirement by imposing the loss of rights upon any party, *see* Fed. R. Civ. P. 83(a)(2), it does expect the requested form to be filed

within 14 days of the entry of this order and may order monetary sanctions against any party who fails to comply.

The parties should not misconstrue this filing requirement as a directive from the Court either to consent or refuse to have a magistrate judge hear this case. In other words, the parties remain "free to withhold consent without adverse substantive consequences." Fed. R. Civ. P. 73(b). The Court's only concern at this juncture is to ensure that every party has filed its consent/refusal form.

Finally, the Court must also point out that once a party has consented to proceed before a magistrate judge, they cannot withdraw that consent absent good cause or extraordinary circumstances. *See, e.g.*, 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 3071.3 (2d ed. 2013) ("Ordinarily a party who has so consented may not later withdraw the consent") (citing *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513 (7th Cir. 2003) ("Once a civil case is referred to a magistrate judge, that reference may be withdrawn only if the district court, on its own motion finds good cause to do so, or if any party shows that extraordinary circumstances have arisen that require this step.")); 28 U.S.C. § 636(c)(4) ("The Court may, for good cause shown on its own motion, or extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."). This rule, however, does not affect refusals; nothing prevents a party who refuses to proceed before a magistrate judge from later consenting.

Accordingly,

IT IS HEREBY ORDERED that this matter be and the same is hereby STAYED until every party has filed its consent/refusal form; every form should be filed within 14 days of the entry of this order, and failure to timely file the form may result in monetary sanctions.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge